UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MARSH,

    Petitioner,                          CASE NO. 2:11-CV-13355

v.                                         HON. STEPHEN J. MURPHY, III

RAYMOND BOOKER,

    Respondent,

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

David Marsh, ("Petitioner"), confined at the Mound Correctional Facility in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges the refusal by former Governor Jennifer Granholm and the Michigan Parole Board to commute his nonparolable life sentence for first-degree murder and his parolable life sentences for armed robbery and assault with intent to commit murder, claiming that under M.C.L. § 750.193(1), these sentences should have been terminated before he began serving his sentence for prison escape. In addition, Petitioner challenges the constitutionality of M.C.L. § 600.2963, which requires prisoners to file an initial partial filing fee and precludes a prisoner from filing a new civil action or appeal until he or she has paid any outstanding fees or costs due and owing in previous civil actions. For the reasons stated below, Petitioner's application for writ of habeas corpus is summarily denied with prejudice.

1

## I. BACKGROUND

In 1979, Petitioner was convicted in the Eaton County Circuit Court of one count of first-degree murder, one count of assault with intent to commit murder, and one count of armed robbery. Petitioner was sentenced on December 27, 1979, to life imprisonment without parole on the first-degree murder conviction and received parolable life sentences for the assault with intent to commit murder and armed robbery convictions.[1]

Petitioner was subsequently convicted of prison escape and sentenced to one to five years in prison on January 16, 1986.

Petitioner applied for executive clemency for his life sentences in 2003 and was denied. Petitioner applied for a commutation of his life sentences in 2005 and was denied. In 2009, Petitioner again applied for a commutation of his life sentences, claiming that the Michigan Department of Corrections ("M.D.O.C.") had since 2001, held out to the general public that Petitioner was serving time on his escape sentence, and that in order for the M.D.O.C. to begin running his escape sentence, it was required pursuant to M.C.L. § 750.193 to terminate his three life sentences. Petitioner was denied commutation.

---

[1] Petitioner has attached to his petition for writ of habeas corpus a copy of his biographical information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), of which this Court may take judicial notice. See Ward v. Wolfenbarger, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004). The information sheet indicates that Petitioner received life sentences for these three offenses, although it does not specify whether the sentences were parolable or non-parolable. However, M.C.L. § 750.316 specifies that the penalty for first-degree murder is a mandatory sentence of life imprisonment. M.C.L. § 791.234(6)(a) indicates that a person who is convicted of first-degree murder is ineligible for parole and is instead subject to the provisions for commutation found in M.C.L. § 791.244. With respect to Petitioner's other two convictions, M.C.L. § 791.234(6) provides that Petitioner would be eligible for parole after serving ten years on his sentence, because these offenses occurred before October 1, 1992.

Petitioner attempted to challenge the denial of commutation by filing a petition for mandamus with the Michigan Court of Appeals and the Michigan Supreme Court, along with a motion for waiver of filing fees. Each court denied Petitioner's motion for waiver of fees pursuant to M.C.L. § 600.2963, which requires prisoners pursuing civil actions in Michigan courts to pay fees and costs. Petitioner was ordered to pay an initial partial filing fee. *Marsh v. Parole Board,* No. 304685 (Mich.Ct.App. June 30, 2011); *Marsh v. Parole Board,* 799 N.W.2d 558 (Mich. 2011).

Petitioner has now filed a petition for writ of habeas corpus, on the following grounds:

> I. The English common law principle of "acquiescence" and "year and a day" were adopted into the common law of Michigan and remain in force and effect.
>
> II. M.C.L. § 750.193(1) creates a liberty interest in having the underlying sentences terminated before starting a sentence for escape.
>
> III. M.C.L. § 600.2963 violates the Equal Protection Clause of the Federal Constitution on its face based upon a litigant's finances.

## II. DISCUSSION

A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition, or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254; *McFarland v. Scott,* 512 U.S. 849, 856 (1994); *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999). A district court has the duty to screen out habeas petitions which lack merit on their face. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

After preliminary review of Petitioner's application, this Court concludes that Petitioner's habeas claims are meritless, such that the petition must be summarily denied.

*See McIntosh v. Booker,* 300 F. Supp.2d 498, 499 (E.D. Mich. 2004).

In his first and second claims, Petitioner argues that Michigan's escape statute, M.C.L. § 750.193(1), imposes a duty upon the State of Michigan to terminate Petitioner's life sentences for first-degree murder, assault with intent to commit murder, and armed robbery, before he can begin actively serving his escape sentence. Because the M.D.O.C. website indicates that Petitioner is actively serving his escape sentence, Petitioner argues that Governor Granholm and the Michigan Parole Board erred in denying his requests for commutation of his life sentences.

To the extent that Petitioner seeks commutation of his life sentences, he is not entitled to habeas relief. There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) (finding no constitutional right to parole); *Connecticut Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464 (1981) (finding no constitutional right to commutation). In *Dumschat*, the Court noted, "[U]nlike probation, pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review." *Id.* at 464. A decision regarding whether to commute a sentence is dependent not only on objective findings of fact, "but also on purely subjective evaluations and on predictions of future behavior by those entrusted with the decision." *Id.*

Constitutional claims for commutation must be found solely in the statutes or rules which define the obligations of the authorities who are charged with granting clemency. *Id* at 465*.* The Connecticut statute at issue in *Dumschat* had no definitions, no mandated "shalls", and therefore, created no constitutional rights for inmates serving life sentences

4

beyond the right to seek commutation. *Id.* at 466. The Sixth Circuit has recognized that Michigan's statute, like the statute at issue in *Dumschat*, does not impose any standards which constrain the Michigan Parole Board in determining when a prisoner's nonparolable life sentence should be commuted, and therefore, it does not create any right or entitlement sufficient to invoke the protections of the Due Process Clause. *Manning v. Unknown Parties,* 56 Fed. Appx. 710, 711 (6th Cir. 2003) (holding that the governor's power under M.C.L. § 791.244 to grant a reprieve, commutation, or pardon does not create a liberty interest in release).

The Court subsequently reaffirmed its holding that the Due Process Clause is not violated where the clemency or pardon procedures "do no more than confirm that the clemency and pardon powers are committed, as is our tradition, to the authority of the executive." *Ohio Adult Parole Authority v. Woodard,* 523 U.S. 272, 276 (1998) (reaffirming *Dumschat*); *see also District Attorney's Office for Third Judicial Dist. v. Osborne*, 129 S. Ct. 2308, 2319 (2009) (holding that state prisoner does not have a liberty interest in the governor's authority to commute sentences). In *Woodward*, the Court held that the prisoner's claim of a "broader due process interest" in Ohio's clemency proceedings "would be inconsistent with the heart of executive clemency, which is to grant clemency as a matter of grace, thus allowing the executive to consider a wide range of factors not comprehended by earlier judicial proceedings and sentencing determinations." *Id.* at 280-81. Furthermore, the availability of clemency, or the manner by which a state conducts clemency proceedings, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Woodward,* 523 U.S. at 283. Instead, "the denial of clemency merely means that the inmate must serve the sentence that was

5

originally imposed." *Id.*

Finally, this Court is mindful of the fact that Federal courts "do not sit as super appeals courts over state commutation proceedings." *Workman v. Bell,* 245 F.3d 845, 852 (6th Cir. 2001).

To the extent that Petitioner relies on M.C.L. § 750.193(1) and *Lickfeldt v. Dep't of Corr.*, 247 Mich. App. 299 (2001) to support his claim that his life sentences should be terminated prior to commencement of his escape sentence, his reliance is misplaced. First, M.C.L. 750.193(1) applies where the prior sentence has terminated "pursuant to law". Because Petitioner is serving a nonparolable life sentence, his sentence cannot terminate as a matter of state law, therefore, M.C.L. § 750.193(1) is inapplicable.

Furthermore, however, an argument based on a perceived error or alleged violation of state law fails to state a claim on which habeas relief may be granted. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). Moreover, "the actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)). In sum, Petitioner is not entitled to relief on his first and second claims.

In his third claim, Petitioner challenges the constitutionality of M.C.L. § 600.2963, which requires prisoners in Michigan to pay an initial partial filing fee before they can file a civil action in the Michigan courts, and also prevents a prisoner from filing an additional civil action in the Michigan courts if he or she has outstanding fees or costs due and owing from prior civil cases. Petitioner claims that he was wrongfully prevented from filing his petition for mandamus in the Michigan Court of Appeals and the Michigan Supreme Court

because of the fee provisions of M.C.L. § 600.2963.

A federal habeas court may not review an alleged error in a state collateral proceeding "where the error alleged has nothing to do with the petitioner's confinement." *Ziegler v. Birkett*, 2004 WL 1765516, at *4 (E.D. Mich. July 19, 2004) (citing *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002); *Zamora v. Pierson*, 158 F.Supp. 2d 830, 836 (N.D.Ill.2001); *Phillips v. Ferguson*, 182 F.3d 769, 772 (10th Cir. 1999)). A habeas petitioner's challenge to the constitutionality of M.C.L. § 600.2963 is an attack on proceedings that are collateral to the habeas petitioner's detention, as opposed to being an attack against his detention, as is required by 28 U.S.C. § 2254(a). *Ziegler*, 2004 WL 1765516, at *4 (citing *Zamora*, 158 F. Supp. 2d at 836). Petitioner is not entitled to habeas review of the constitutionality of M.C.L. § 600.2963, because the claim would not undermine his convictions or sentences. *Id.* (citing *Zamora*, 158 F.Supp.2d at 836; *Childs v. Herbert,* 146 F.Supp.2d 317, 325-26 (S.D.N.Y. 2001)). Because Petitioner's constitutional challenge to M.C.L. § 600.2963, if successful, would not lead to his release from custody, it is not cognizable under 28 U.S.C. § 2254. *See Ziegler*, 2004 WL 1765516, at *4. Petitioner is not entitled to habeas relief on his third claim.

## CERTIFICATE OF APPEALABILITY.

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this Court, the Court must determine if petitioner is entitled to a Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

In applying the above standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 323. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

After conducting the required inquiry, and for the reasons stated in the order above, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right with respect to his claims. *See* 28 U.S.C. § 2253(c)(2). Petitioner should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484. Because the Court can discern no good faith basis for an appeal, *see Miller-El*, 537 U.S. at 338, any appeal would be frivolous. The Court will therefore deny a certificate of appealability. *See Long v. Stovall,* 450 F. Supp.2d 746, 755 (E.D. Mich. 2006). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Hence v. Smith*, 49 F.Supp. 2d 547, 549 (E.D. Mich. 1999).

### III. CONCLUSION

**WHEREFORE**, IT IS HEREBY **ORDERED** that the petition for a writ of habeas corpus (docket no. 1) is **SUMMARILY DISMISSED WITH PREJUDICE**.

IT IS **FURTHER ORDERED** that a certificate of appealability is **DENIED**.

IT IS **FURTHER ORDERED** that petitioner will be denied leave to appeal *in forma pauperis.*

**SO ORDERED**.   s/Stephen J. Murphy, III
**HON. STEPHEN J. MURPHY, III**
**UNITED STATES DISTRICT COURT**

Dated: August 17, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 17, 2011, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager